UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD BILLINGSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17 CV 2834 SNLJ |
| | ) | |
| RICH LOGISTICS, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM and ORDER**

Plaintiff Gerald Billingsley filed this employment discrimination lawsuit under the Missouri Human Rights Act ("MHRA") against defendants Rich Logistics, LLC and Terry Davis in the Circuit Court for the County of St. Louis. Defendants removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. §§ 1332, 1441, 1446, despite the fact that defendant Terry Davis and the plaintiff are both citizens of Missouri. Defendants maintain that Terry Davis was improperly named as a defendant under the MHRA and must be dismissed, so they have moved for Davis's dismissal (#9). Defendant Rich also moved for dismissal of the case due to plaintiff's failure to exhaust administrative remedies (#9). Plaintiff has moved to remand (#11).

**I.     Motion to Remand**

"Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." *Manning v. Wal-Mart Stores E., Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004). Plaintiff asserts that

this matter must be remanded to state court because he and defendant Davis are both Missouri citizens and thus complete diversity is destroyed. Defendants assert that Davis's citizenship must be disregarded because he has been fraudulently joined under *In re Prempro Products Liability Litigation*, 591 F.3d 613, 620 (8th Cir. 2010). "Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003).

It is defendant's burden here to prove that Davis has been fraudulently joined. *See Manning*, 304 F. Supp. 2d at 1148 (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). Defendants assert that plaintiff's claim against Davis is fraudulent because the MHRA expressly excludes individual liability in discrimination cases like this one. § 213.010(8)(c) RSMo. That is, an "employer" under the statute does not include "an individual employed by an employer." *Id*. That exclusion was added to the MHRA effective August 28, 2017. Plaintiff filed his petition on October 13, 2017, after the statute took effect. However, plaintiff states that his cause of action accrued on the date defendant terminated him --- February 8, 2017 --- well before the new statute took effect. Because it "is settled law in Missouri that the legislature cannot change the substantive law for a category of damages after a cause of action has accrued," *Klotz v. St. Anthony's Med. Ctr.*, 311 S.W.3d 752, 760 (Mo. banc 2010), plaintiff says his claim is not affected by the new statute.

Two exceptions qualify that general rule, however. A statute may be retroactively applied "(1) where the legislature shows an intent that it be retroactive, and (2) where the statute is procedural only and does not affect any substantive rights of the parties." *In re Estate of Wilkinson*, 843 S.W.2d 377, 382 (Mo. App. 1992). Defendants contend that the Missouri legislature has indicated that the statute shall be applied retroactively and that the statute is procedural and that is thus applies retroactively.

There is no clear express language in the statute that the MHRA amendments were intended to apply retroactively, but defendants argue that § 213.101.6 RSMo demonstrates that the Missouri legislature intended for the change to be applied retroactively. That section states

> The general assembly hereby abrogates all Missouri approved jury instructions specifically addressing civil actions brought under this chapter which were in effect prior to August 28, 2017

§ 213.101.6 RSMo. Defendant states that because the jury instructions would have necessarily included the definition of "employer," that the new definition of employer (excluding individuals) is intended to apply retroactively. In the alternative, defendants state that the definition of "employer" is procedural rather than substantive and that, as a result, the new statute may apply retroactively.

This Court disagrees. Other Courts have rejected the argument that § 213.101.6 demonstrates the legislature's intent to apply the new statute retroactively. *See Hurley v. Vendtech-SGI, LLC*, 16-01222-CV-W-ODS, 2018 WL 736057, at *4 (W.D. Mo. Feb. 6, 2018) (collecting cases). In addition, the Court agrees with the other courts that have

3

found the recent MHRA amendment regarding individual liability to be substantive rather than procedural. *Woodruff v. Jefferson City Area Young Men's Christian Ass'n*, 17-4244-CV-C-WJE, 2018 WL 576857, at *3 (W.D. Mo. Jan. 27, 2018); *see also McGuire v. St. Louis County, Missouri*, 4:17 CV 2818 CDP, 2018 WL 705050, at *2 (E.D. Mo. Feb. 5, 2018). The change in law is substantive because it would remove the plaintiff's clause of action against co-employees. *Woodruff*, 2018 WL 736057, at *4.

Defendants' reliance on *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758 (Mo. banc 2007) is misplaced. *Hess* involved the substitution of a new remedy for the enforcement of an existing right in the context of the Missouri Merchandising Practices Act. *Id.* at 770. The Missouri Supreme Court held that the amendment was procedural and thus applied retroactively. *Id.* Even there, however, the Missouri Supreme Court held that the amendment to allow recovery of punitive damages in the newly-created private right of action was substantive and could thus not be applied retroactively. *Id.* at 771-72. This case is much more akin to the change in recoverable damages present in *Hess*: here, plaintiff lost an entire class of defendants against whom to seek relief. The amendment is substantive.

As a result, the claim against defendant Davis is not fraudulent, and this Court must remand the matter to state court because diversity jurisdiction is not present. The Court cannot reach the merits of defendants' motion to dismiss because it is without jurisdiction.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to remand (#11) is GRANTED.

IT IS FURTHER ORDERED that defendant's motion to dismiss (#9) is DENIED.

Dated this   24th   day of April, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE